**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

DR. KAY MORGAN                                                              PLAINTIFF

V.                                                    CIVIL CAUSE NO. 1:23-CV-72-DAS

DR MARTY BRAY AND
MISSISSIPPI STATE UNIVERSITY                                              DEFENDANTS

<u>**ORDER DENYING MOTION TO SEAL RECORDS AND DOCUMENTS**</u>

The plaintiff has filed a motion asking the court to "seal the records and documents of this case from public view" under Federal Rule of Civil Procedure 5.2. Docket 11. Without explanation or specifically identifying any documents in this case, the plaintiff claims that all "orders, notices, documents, service, and other processes […] should be sealed from public view." *Id*.

Federal Rule of Civil Procedure 5.2 is titled "Privacy Protection for Filings Made With the Court." The Rule identifies certain information that must be redacted in electronic or paper filing as well as limitations on remote access to electronic files. Fed. R. Civ. P. 5.2(a)-(c). Rule 5.2 also addresses filings made under seal and protective orders where the information identified in 5.2(a) is implicated. *Id*. at (d)-(g). Finally, the Rule states "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." *Id*. at (h).

As a preliminary matter, Federal Rule of Civil Procedure 5.2 does not authorize the sealing of certain court documents. Rather, it identifies certain information that must be redacted in filings made with the court. A request to seal certain documents should be brought under Local Uniform Civil Rule 79 which outlines the criteria for filing a motion to seal.

Local Uniform Civil Rule 79 requires the movant file a "non-confidential supporting memoranda" containing a specific request as to how the document should be restricted, a statement of why sealing is necessary and why the means requested is the most appropriate, and references to governing case law. L.U.Civ.R. 79(e)(3). Moreover, the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849.

Here, the plaintiff's motion lacks the specificity required by the Federal Rules of Civil Procedure and this court's Local Rules and is therefore **DENIED** without prejudice. The plaintiff may refile the motion in accordance with Federal Rule of Civil Procedure 5.2 and Local Uniform Civil Rule 79 should she so choose.

**SO ORDERED**, this the 8th day of June, 2023.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**