IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DR. KAY MORGAN**                                                                                               **PLAINTIFF**

**v.**                                                                       **CIVIL NO.: 1:23-CV-00072-MPM-DAS**

**DR. MARTY BRAY AND**
**MISSISSIPPI STATE UNIVERSITY**                                                **DEFENDANTS**

## **ORDER**

The plaintiff Dr. Kay Morgan filed her Complaint for Employment Discrimination against Dr. Marty Bray and Mississippi State University ("MSU") on May 5, 2023. [1]. She asserts claims for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 and alleges she suffered discriminated on her race, color, and sex. *Id*. In response to her Complaint, the defendants filed a Joint Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) based, in part, on the plaintiff's failure to exhaust her administrative remedies under Title VII prior to filing suit. [8]. The plaintiff has responded to the motion, and the defendants have submitted their reply. [15, 16].

On July 20, 2023, the plaintiff filed a document titled as follows:

> Motion to resume the Case after July 7th, 2023, if one of the following Motions was not considered and granted by the court.
>
> Motion to grant partial or whole relief for this case
> due to MSU has not yet legally separated Morgan from employment without job assignments creating conflicts of interests with Morgan's Job Search, retirement account, unemployment insurance, and EEOC proceedings.
>
> Or
>
> Motion to seek relief for this case to reinstate Morgan's employment as Assistant Clinical Professor or offer equivalent job at different department at MSU due to MSU could not separate Morgan with documented reason both agreed upon and failure of Bray and MSU representative's documented investigation results answer to Morgan's claims along with compensation to Morgan's damages in career, loss of wages, reputation, emotion, and life.

With respect to the plaintiff's preliminary request – to resume the case after July 7, 2023 – this action was never stayed. The court's July 17, 2023 Order found the plaintiff's Motion to Suspend the Case moot. [20]. Regarding the remaining requests, the motion asks the court to grant "either one of the following…" requests for relief: (1) proceed with the case; (2) "grant partial or whole relief for this case;" or (3) reinstate the plaintiff's employment at Mississippi State University. [21]. The motion then provides forty-five pages of "Supporting Facts and Evidence that would correct Bray and MSU' [*sic*] claims of Immaterial and Impertinent facts to Morgan's Previous Motions' Statements of Facts." *Id*.

On July 26, 2023, the plaintiff filed two documents, each titled "Annual Faculty Review." [23]. The only hand-written notations on the 2021 Annual Review and 2022 Annual Review state, "never been signed or returned to Morgan" and "never been reviewed for Morgan." The plaintiff provides no explanation as to the significance of these documents or their relevance in this case.

On July 28, 2023, the defendants moved to strike the July 20 and July 26 filings. [24]. The defendants contend that through these submissions, the plaintiff "advances redundant arguments to oppose MSU and Bray's motion to dismiss, and she makes new allegations that she claims support her causes of action." They argue the evidence presented is "immaterial, impertinent, and not properly before the Court" and ask that the filings be stricken under Federal Rule of Civil Procedure 12(f).[1] *Id.*

Whether the information included in the July 20 and July 26 filings is "evidence" in support of her claims that should be provided through the proper discovery mechanisms or information she

---

[1] Federal Rule of Civil Procedure 12(f) provides:
    [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
        (1) on its own; or
        (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

wishes the court to consider when deciding the pending dispositive motion, the submissions are not properly before the court and, again, will be stricken. As explained in the court's July 17, 2023 Order [20], the plaintiff is not permitted to supplement her Complaint or her response to the defendants' motion to dismiss without leave of court. On August 16, 2023, plaintiff properly requested that leave by filing her Motion Requesting Leave to Assert Additional Information in Response to Motion to Dismiss. [25]. Plaintiff's motion is granted.

As for the plaintiff's remaining requests to "grant partial or whole relief for this case" or reinstate her employment, the court will consider any claims for relief asserted in the Complaint as well as any motion properly before the court in due course.

The plaintiff's motion [21] to resume this case is **MOOT**, her requests for additional dispositive relief [21] are **DENIED** without prejudice, and the defendants' motion to strike [24] the factual and legal arguments asserted in the June 20 and June 26 filings is **GRANTED**. Finally, plaintiff's motion [25] requesting leave to assert additional information and/or legal arguments in response to defendants' motion to dismiss is **GRANTED**.

This the 24th day of August, 2023.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI