**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DR. KAY MORGAN**                                                                              **PLAINTIFF**

**V.**                                                          **CIVIL CAUSE NO. 1:23-CV-72-MPM-DAS**

**DR. MARTY BRAY AND
MISSISSIPPI STATE UNIVERSITY**                                           **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Marty Bray and Mississippi State University ("MSU") (ECF No. 8). The motion is fully briefed, and the Court has carefully considered the parties' submissions and the applicable law. Based on all matters of record, this is the decision of the Court.

**BACKGROUND**

Plaintiff Kay Morgan brings this employment discrimination action under Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff Morgan complains of conduct including termination of her employment on March 31, 2023; applying different terms and conditions to her employment compared to similarly situated employees from August 16, 2021, through March 31, 2023; and retaliation and harassment from January 16, 2022, through March 31, 2023. (ECF No. 1, PageID.3). Dr. Morgan did not file a charge of discrimination with the EEOC before filing this lawsuit. (*Id.*, PageID.4). She states that instead of filing a charge with the EEOC, she submitted a complaint to the Office of Civil Rights Compliance and Human Resources Management at MSU. (ECF No. 1-1). Dr. Morgan seeks reinstatement of her employment and a requirement that Defendants allow her the same privileges and treatment as other Assistant Clinical Professors. Dr. Morgan states that she filed a charge of discrimination against MSU with the EEOC on November 6, 2023, after an intake interview

on October 24, 2023. (ECF No. 33).

Defendants seek dismissal under FED. R. CIV. P. 12(b)(6) based on failure to state a claim.

## LEGAL STANDARDS AND DISCUSSION

Title VII "provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes." *Davis v. Fort Bend Cnty*, 893 F.3d 300, 303 (5th Cir. 2018). Title VII requires a plaintiff to exhaust administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory action(s) before suing. *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)). "To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst v. Methodist Hospital System*, 1 F.4th 333, 337 (5th Cir. 2021) "Administrative exhaustion is not a jurisdictional requirement." *Davis*, 893 F.3d at 303 (quotation omitted). "Instead, administrative exhaustion is a mainstay of proper enforcement of Title VII remedies … and exists to facilitate the [EEOC's] investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws…." *Id.* (internal quotations omitted). Courts in the Fifth Circuit "construe EEOC claims liberally, but … will not consider claims that were not asserted before the EEOC." (*Id.*) *Chhim v. University of Texas at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).

It is undisputed that Dr. Morgan failed to administratively exhaust her claims before filing this lawsuit. This precludes the Court from considering her claims. On November 13, 2023, approximately seven months after the latest date she alleges discrimination transpired, and well after she filed this lawsuit, Dr. Morgan notified Defendants and the Court that she filed a charge of discrimination against MSU with the EEOC on November 6, 2023. (ECF No. 33). This does not change the fundamental analysis – the claims remain unexhausted. Absent a timely filing with the EEOC and a right to sue letter

from the EEOC, Dr. Morgan's claims cannot proceed, and the Court must dismiss the case.[1]

"Failure to exhaust administrative remedies usually results in a dismissal without prejudice." *Dawson Farms, LLC v. Farm Service Agency*, 504 F.3d 592, 607 (5th Cir. 2007). However, "when exhaustion is no longer possible, dismissal may be with prejudice." *Id.* In *Dawson*, the Fifth Circuit affirmed a dismissal based on failure to exhaust but modified the district court's judgment dismissing claims without prejudice. The Fifth Circuit emphasized that because timely exhaustion was no longer possible, dismissal with prejudice was appropriate. The same rationale applies in this case. The latest date Dr. Morgan alleges misconduct occurred was March 31, 2023. She had 180 days from that date to file a charge with the EEOC. That 180-day period expired on September 27, 2023. Dr. Morgan states that she had an intake interview with the EEOC approximately one month later, on October 24, 2023, and filed a charge on November 6, 2023. On this record, Dr. Morgan failed to file a timely charge, and timely exhaustion is no longer possible. Therefore, dismissal with prejudice is warranted.

## CONCLUSION

For these reasons, the Court concludes that Defendants' Motion to Dismiss (ECF No. 8) is well taken. Dismissal of the case renders moot Plaintiff's motions entitled "Motion to Request Granted Leave of Court Respond Time Extension to Assert Additional Factual Information and/or Legal Arguments" (ECF No. 30) and "Motion to Affirm Claims and to Proceed with the Case to Hearing, Mediation, or Summary Judgement" (ECF No. 32).

---

[1] Dr. Morgan's claims against Defendant Bray fail not only for lack of exhaustion but also because "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. University of Houston System*, 355 F.3d 333, n.8 (5th Cir. 2003). Defendant Bray was not an employer subject to liability under the statute.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motions entitled "Motion to Request Granted Leave of Court Respond Time Extension to Assert Additional Factual Information and/or Legal Arguments" (ECF No. 30) and "Motion to Affirm Claims and to Proceed with the Case to Hearing, Mediation, or Summary Judgement" (ECF No. 32) are **DISMISSED AS MOOT**.

This case is **CLOSED**.

This the 26th day of February, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI